## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | | |
|---|---|---|
| JOHNNY B. HOLMES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL CASE NO. 05-235 |
| | * | |
| AMERICAN INTERNATIONAL GROUP, INC; | * | |
| AMERICAN GENERAL CORPORATION; | * | |
| AMERICAN GENERAL FINANCE, INC.; | * | |
| AMERICAN GENERAL FINANCIAL SERVICES | * | |
| OF ALABAMA, INC.; AMERICAN GENERAL | * | |
| FINANCE CORPORATION; | * | |
| MERIT LIFE INSURANCE COMPANY; | * | |
| YOSEMITE INSURANCE COMPANY; | * | |
| BRIAN SCALF; STEPHANIE CROW; | * | |
| and Fictitious Defendants "A", | * | |
| "B", and "C", whether singular or plural, those | * | |
| other persons, corporations, firms, or other | * | |
| entities whose wrongful conduct caused | * | |
| the injuries and damages to the Plaintiff, | * | |
| all of whose true and correct names are | * | |
| unknown to Plaintiff at this time, but will | * | |
| be substituted by amendment when ascertained, | * | |
| | * | |
| Defendants. | * | |

EDDIE D. MALLA
CIRCUIT CLERK
2005 DEC 12 P 3: 18
FILED IN
CIRCUIT CLERKS OFFICE
MACON COUNTY, AL

## COMPLAINT

## STATEMENT OF THE PARTIES

1.    This court has subject matter and personal jurisdiction over the Defendants.  Venue is proper in Macon County, Alabama.

2.    Plaintiff Johnny B. Holmes is an adult resident citizen of Macon County, Alabama.

3.    Defendant American General Finance, Inc. is a domestic corporation, who does business by agent in Macon County, Alabama.  This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

4.    Defendant American General Financial Services of Alabama, Inc. is a domestic corporation, who does business by agent in Macon County, Alabama. This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

5.    Defendant American International Group, Inc. is a foreign corporation who does business by agent in Macon County, Alabama. This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

6.    Defendant American General Corporation is a foreign insurance Company who does business by agent in Macon County, Alabama. This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

7.    Defendant American General Finance Corporation is a foreign insurance Company who does business by agent in Macon County, Alabama. This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

8.    Defendant Merit Life Insurance Company is a foreign insurance company who does business by agent in Macon County, Alabama. This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

9.    Defendant Yosemite Insurance Company is a foreign corporation who does business by agent in Macon County, Alabama. This Defendant is the parent corporation, agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

10.    Defendant Brain Scalf is over the age of nineteen (19) and is a resident of Lee County, Alabama.

11.    Defendant Stephanie Crow is over the age of nineteen (19) and is a resident of Lee County, Alabama.

12.   Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

13.   Plaintiff's claims are brought solely under Alabama law, and Plaintiff states he does not bring any claim and/or disclaims any and all claims under any Federal laws, statutes, or regulations.

## STATEMENT OF THE FACTS

14.   On or about March 29, 2004, May 22, 2002, November 15, 2002, October 3, 2001, and other occasions, Plaintiff entered into loans with Defendant American General Financial Services of Alabama, Inc. or Defendant American General Finance, Inc. Defendants Brain Scalf and Stephanie Crow handled one or more of these loan transactions, while acting as agents for all Defendants, and fraudulently represented to him that if he purchased the credit insurance offered him, his credit score/rating would be better and that he stood a better chance of getting approved for the loan he requested.

15.   Defendants advised Plaintiff that if he refinanced his previous loans into a single loan, that would be the best way for him to save money. Defendants refused to allow Plaintiff to have a separate loan.

16.   Defendants advised Plaintiff that purchasing the credit insurance offered was a good deal and offered great value and protection.

17.   Defendants had a duty to Plaintiff to give him good advice and they failed to do so, to Plaintiff's detriment.

18.   Based on each of the representations made by Defendants, Plaintiff agreed to purchase the credit insurance offered and refinance his loan.

3

19.    Defendants' conduct under the circumstances was intentional and amounts to actual malice.

20.    Plaintiff discovered the fraud within two (2) years of filing this lawsuit.

21.    Defendants entered into a pattern or practice of fraudulent conduct that included the fraud practiced on Plaintiff.

22.    At all times material hereto, Plaintiff depended on Defendants to advise him as to all loan requirements and insurance matters.    Defendants had superior knowledge and bargaining power over Plaintiff.

23.    The conduct by Defendants was intentional, gross, wanton, malicious, and/or oppressive.

## COUNT ONE

24.    Plaintiff alleges all prior paragraphs of the Complaint as if set out here in full.

25.    Defendants made the aforementioned fraudulent representations that they knew were false, or should have known were false, and intended for Plaintiff to rely on said false representations.

26.    Plaintiff did rely on the representations made by Defendants and due to Defendants' fraudulent misrepresentation of material facts, Plaintiff was induced to act as previously described.

27.    As a proximate consequence of Defendants' actions, Plaintiff was injured and damaged in at least the following ways: he paid money for insurance he did not want, he lost interest on said money, he paid excessive interest on his loans and accounts he otherwise would not have had to pay, he lost interest on the money attributed to the unnecessary payments, he has suffered mental anguish and emotional distress; and has otherwise been injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT TWO

28.     Plaintiff alleges all prior paragraphs of the Complaint as if set out here in full.

29.     Defendants negligently and/or wantonly hired, trained, and supervised Defendants Brain Scalf and Stephanie Crow and their agents, alter-egos and/or representatives responsible for advising Plaintiff of the loan and insurance benefits and all other requirements.

30.     As a proximate consequence of Defendants' actions, Plaintiff was injured and damaged as alleged herein.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT THREE

31.     Plaintiff alleges all prior paragraphs of the Complaint as if set out here in full.

32.     Plaintiff was not experienced in insurance and finance matters and placed a special trust and confidence in Defendants and consequently relied upon Defendants to properly advise him with respect to such matters.

33.     Defendants undertook a duty to advise Plaintiff, held themselves out as experts, and as persons interested in Plaintiff's well-being, and generally exhibited behavior inconsistent with the typical debtor-creditor relationship.

34.     As a result of the aforementioned actions, Defendants conduct amounts to a breach of their individual, contractual, professional and fiduciary obligations and duties to

5

Plaintiff.    Said conduct further amounts to a breach of the duties that arise as a matter of Alabama law.

35.    As a proximate consequence of the Defendants breach, Plaintiff was injured and damaged as alleged herein.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT FOUR

36.    Plaintiff alleges all prior paragraphs of the Complaint as if set out here in full.

37.    Defendants negligently and/or wantonly made the aforementioned representations to Plaintiff.

38.    Said action was a breach of the duty owed Plaintiff.

39.    As a proximate consequence of said actions, Plaintiff was injured and damaged as described herein.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

TOM METHVIN (MET003)
C. LANCE GOULD (GOU007)
WILLIAM H. ROBERTSON, V (ROB161)
Attorneys for Plaintiff

**OF COUNSEL:**
**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Telephone No.: (334) 269-2343
Facsimile No.: (334) 954-7555

6

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY
OF ALL ISSUES PRESENTED BY THIS CAUSE**

OF COUNSEL



