**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **JOHNNY B. HOLMES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **AMERICAN INTERNATIONAL GROUP, INC.;** ) | |
| **AMERICAN GENERAL CORPORATION;** ) | |
| **AMERICAN GENERAL FINANCE, INC.;** ) | |
| **AMERICAN GENERAL FINANCIAL** ) | |
| **SERVICES OF ALABAMA, INC.; AMERICAN** ) | |
| **GENERAL FINANCE CORPORATION;** ) | **CIVIL ACTION NO.** |
| **MERIT LIFE INSURANCE COMPANY;** ) | **3:06-cv-00033-MEF** |
| **YOSEMITE INSURANCE COMPANY; BRIAN** ) | |
| **SCALF; STEPHANIE CROW; and Fictitious** ) | |
| **Defendants "A", "B", and "C", whether singular** ) | |
| **or plural, those other persons, corporations,** ) | |
| **firms, or other entities whose wrongful conduct** ) | |
| **caused the injuries and damages to the Plaintiff,** ) | |
| **all of whose true and correct names are unknown** ) | |
| **to Plaintiffs at this time, but will be substituted** ) | |
| **by amendment when ascertained,** ) | |
| ) | |

**Defendants.**

## DEFENDANTS' MOTION FOR LEAVE TO CONDUCT REMAND-RELATED DISCOVERY

**COME NOW** Defendants American General Financial Services of Alabama, Inc., in and

of itself and as successor to American General Finance, Inc., an Alabama corporation, American

General Finance Corporation, Merit Life Insurance Company, Yosemite Insurance Company,

and Brian Scalf (hereinafter collectively referred to as the "Defendants"), by and through their

undersigned counsel, appearing specially so as to preserve any and all defenses available under

Rule 12 of the Federal Rules of Civil Procedure and specifically preserving the right to seek

arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby move this

1435898

Court for leave to conduct remand-related discovery.  In support thereof, Defendants show unto the Court the following:

1.      On or about December 12, 2005, Plaintiff commenced the present action by filing a complaint against Defendants in the Circuit Court of Macon County, Alabama, CV-05-235, alleging certain putative misconduct with respect to the refinancing of consumer loans and the sale of credit insurance in connection with said loans.  In conjunction therewith, Plaintiff appears to assert the following individual causes of action with respect to loans he obtained on or about March 29, 2004, May 22, 2002, November 15, 2002, and October 3, 2001: (1) fraudulent misrepresentation and/or suppression; (2) negligent misrepresentation; (3) negligent and/or wanton hiring, training, and supervision; and (4) breach of fiduciary duties.

2.      On or about January 13, 2006, Defendants removed the present action to this Court on diversity and federal question jurisdiction grounds under 28 U.S.C. 1331, 1332, and 1441.  Defendants specifically demonstrated in their Notice of Removal that diversity jurisdiction exists in the present action because the amount in controversy exceeds $75,000 and because the only non-diverse Defendants herein have been fraudulently joined.  Defendants also demonstrated that the present action necessarily involves substantial and disputed federal issues, and that, accordingly, this Court has embedded federal question jurisdiction.  On or about February 10, 2006 Plaintiff filed a Motion to Remand arguing against the existence of diversity and federal question jurisdiction.

3.      Defendants now seek leave to conduct remand-related discovery in the present action so that they may definitively establish the propriety of removal herein and fully defend against Plaintiff's Motion to Remand.  Significantly, in George Mason v. American International Group, Inc., et al., In the United States District Court for the Middle District of Alabama, Eastern

1435898                                        2

Division, Civil Action Number: 3:05-cv-752-F, a virtually identical matter involving Defendants, this Court permitted such discovery, noting that it "has the discretion to allow removing defendants leave to conduct discovery directed toward defending against a plaintiff's motion to remand." Likewise, in another similar matter involving Defendants, <u>Ken Nicholson v. American General Financial Services, Inc., et al.</u>, Civil Action No. 05-0625-CG-D, the Honorable Judge Kristi K. DuBose of the United States District Court for the Southern District of Alabama recently granted Defendants' Motion to Conduct Remand-Related Discovery.

   4.  In addition, courts in Tennessee have also recently granted Defendants' remand-related discovery motions in the following identical cases filed by Plaintiff's counsel containing the exact same allegations as those asserted herein: <u>Gloria Garret v. American International Group, Inc., et al.</u>, Civil Action No. 05-2639-Ma/P; <u>Elmo Thomas v. American International Group, Inc., et al.</u>, Civil Action No. 05-2651-Ma/P; and <u>Roosevelt Walton v. American International Group, Inc., et al.</u>, Civil Action No. 05-2652-D/P; <u>Irby v. American International Group, Inc., et al.</u>, Civil Action No. 05-2634; <u>Robertson v. American International Group, Inc., et al.</u>, Civil Action No. 05-2635; <u>Mason v. American International Group, Inc., et al.</u>, Civil Action No. 05-2636; <u>Sims v. American International Group, Inc., et al.</u>, Civil Action No. 05-2637; <u>Trezevant v. American International Group, Inc., et al.</u>, Civil Action No. 05-2650; <u>Upshaw v. American International Group, Inc., et al.</u>, Civil Action No. 05-2653; <u>Marshall v. American International Group, Inc., et al.</u>, Civil Action No. 05-2655; <u>Armstrong v. American International Group, Inc., et al.</u>, Civil Action No. 05-2700; and <u>Oliver v. American International Group, Inc., et al.</u>, Civil Action No. 05-2701.

   5.  As in these matters and as demonstrated in detail in the memorandum of law submitted herewith, remand-related discovery is absolutely necessary in the present action to

equip Defendants with the information necessary to adequately defend against Plaintiff's Motion to Remand.

WHEREFORE, Defendants respectfully move this Court to grant them leave to conduct remand-related discovery in the present action.

Respectfully submitted,


*s/ Matthew T. Mitchell*
Robert H. Rutherford (RUT002)
David A. Elliott (ELL027)
Matthew T. Mitchell (MIT050)

Attorneys for Defendants

**OF COUNSEL:**

**BURR & FORMAN LLP**
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Jere L. Beasley, Thomas Julian Butler, Charles Lance Gould, Jeffrey M. Grantham, John Thomas Aquina Malatesta, III, Thomas J. Methvin, David Alan Elliott, Matthew T. Mitchell and Robert Howard Rutherford.

*s/ Matthew T. Mitchell*
OF COUNSEL