FILED
AUG 3 1 2004
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

JAMES SEALEY; GERIA SEALEY, )
)
   Plaintiff, )
)
vs. ) CV 03-B-3003-W
)
CITIGROUP INC.; et al., )
)
   Defendant. )

### MEMORANDUM OPINION

This case is presently pending before the court on plaintiffs' Motion to Remand. (Doc. 4.) Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that plaintiffs' Motion for Remand, (doc. 4), is due to be denied.

Federal courts are courts of limited jurisdiction. Therefore, this court may hear only cases that the Constitution or Congress has authorized. A federal court has jurisdiction over cases involving parties from different states when the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

A defendant seeking to remove a case from state court to federal court has the burden of proving the existence of federal jurisdiction. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Because federal jurisdiction is limited, the Eleventh Circuit has held that



cases removed from state court are to be remanded "where federal jurisdiction is not *absolutely* clear." *Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998)(citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994))(emphasis added). To this end, removal statutes are strictly construed, with all doubts resolved in favor of remand. *Id.* (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied* 520 U.S. 1162 (1997)). Moreover, all facts alleged in the Complaint are construed in favor of plaintiffs, and all "uncertainties" regarding the substantive state law are resolved in favor of plaintiffs. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

Plaintiffs and defendants CitiFinancial Alabama, Inc. and Susie Biggs are residents of Alabama; therefore, complete diversity among the parties, as required for diversity jurisdiction, does not exist. However, defendants contend that plaintiffs fraudulently joined CitiFinancial Alabama and Biggs. (Doc. 1 ¶¶ 13 and 14.) Plaintiffs do not contend that CitiFinancial Alabama is properly joined in this action. (*See generally* doc. 6.) Therefore, the court finds that CitiFinancial Alabama is fraudulently joined.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). If plaintiffs fraudulently joined Biggs, the court has subject-matter jurisdiction over this action. If plaintiffs did not fraudulently join Biggs, the court is without subject-matter jurisdiction, and this matter must be remanded to the Tuscaloosa County Circuit Court. The burden is on defendants, as the parties alleging fraudulent joinder, to

2

prove their allegations "by clear and convincing evidence." *Lansdell v. American Home Products Corp.*, CV 99-S-2110-NE, 1999 WL 33548541, *3 (N.D. Ala. Oct. 26, 1999)(citing *Crowe*, 113 F.3d at 1538).

Joinder is "fraudulent" if "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Triggs*, 154 F.3d at 1287 (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded, on other grounds, by statute, as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). The *Triggs* Court held:

> "If there is a *possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.

*Id.* (quoting *Coker*, 709 F.2d at 1440-41)(emphasis added). "[I]n testing fraudulent joinder it is enough to show a good faith expectation, not a legal certainty, that the attacked claim is good under state law." *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 174 (11th Cir. 1968). Thus, in order for this court to find that plaintiffs' joinder of Biggs was fraudulent, this court must find that the Alabama court would find that the Complaint fails to state a valid claim against Biggs.

Defendants contend that plaintiffs fraudulently joined Biggs because "the claims asserted against [her] are time-barred." (Doc. 1, ¶ 18 (citing *Fowler v. Provident Life & Accident Ins. Co.*, 266 F. Supp. 2d 1243, 1247 (N.D. Ala. 2003); *Bullock v. United Benefit*

3

*Ins. Co.*, 165 F.2d 1255, 1258 (M.D. Ala. 2000)).) "If the only claims against a resident defendant are barred by the statute of limitations, then there is no possibility the plaintiff can establish a cause of action against the resident defendant. In such a situation, the resident defendant is deemed to be fraudulently joined." *Bullock v. United Benefit Insurance Co.*, 165 F. Supp. 2d 1255, 1258 (M.D. Ala. 2001)(internal quotations and citations omitted). "The limitations period applicable to each of the claims asserted against [Biggs] is two years, and begins to run on the date plaintiff[s] discover[ ], or should have discovered, the fraud and the misrepresentation. . . . Generally, determining the date plaintiff discovered a fraud is a question of fact for the jury. *Fowler v. Provident Life and Accident Ins. Co.*, 256 F. Supp. 2d 1243, 1248 (N.D. Ala. 2003)(internal citations and quotations omitted).

Defendants contend:

> The gravamen of Plaintiffs' complaint is that defendants misrepresented or failed to disclose to Plaintiffs certain "fees," "closing costs," and certain information about "credit insurance." (*See, e.g.*, Comp. ¶¶ 28-33.) However, on the very dates that they entered their lending transactions, Plaintiffs signed and received copies of documents that contained the terms of the transactions, including the fees, closing costs, the fact that purchase of credit insurance was not required, and the cost and terms of the insurance purchased. Accordingly, Plaintiffs had notice of all of their claims on the very dates they obtained their loans. Since Plaintiffs obtained all of the loans at issue more than two years before filling this lawsuit, (*See* Complaint ¶ 14), their claims against the non-diverse defendants are time-barred. *See Foremost* [*Insurance Co. v. Parham*], 693 So. 2d [409,] 421-22 [Ala.1997]. Accordingly, because Plaintiffs have no possibility of establishing a cause of action against the non-diverse defendants, Susie Biggs and CitiFinancial Alabama, Inc., have been fraudulently joined. *See Fowler*, 256 F. Supp. 2d at 1247-48.

Doc. 1 ¶ 20.

Defendants contend that plaintiffs fraudulently joined Biggs because all claims against

4

her are time-barred based on the fact that plaintiffs received certain documents during the transactions at issue that gave them notice of the "fees, closing costs, the fact that purchase of credit insurance was not required, and the cost and terms of the insurance purchased" in 1997 and 1999, more than two years prior to the filing of this lawsuit, such that the statute of limitations began to run on plaintiffs' claims. However, plaintiffs' Complaint also alleges that "defendants" made "false, misleading, and deceptive representations" that plaintiffs' purchase of credit insurance "would increase their chance of being approved for the loans." (Doc. 1, Ex. A (Complaint) ¶ 29 (j).) Nothing in the loan documents submitted by defendants indicates specifically that the purchasing of credit insurance would not improve the borrowers' chance for loan approval. However, the documents do state that such insurance is not required and that the insurance could be cancelled at any time. The court finds plaintiffs could not believe that the purchase of credit insurance improved their chances for loan approval if (1) the credit life insurance was not required to obtain the loan and even if they purchased such insurance, (2) they could cancel the insurance at any time.

Under Alabama law, "[t]he elements of fraud are (1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation." *Waddell & Reed, Inc. v. United Investors Life Ins. Co.*, 875 So.2d 1143, 1160 (Ala. 2003)(quoting *Padgett v. Hughes*, 535 So.2d 140, 142 (Ala.1988)); *see also Alfa Life Ins. Corp. v. Hughes*, 861 So.2d 1088, 1097 (Ala. 2003)("To establish the elements of fraudulent misrepresentation the plaintiff policyholders must show: '(1) that the representation was false, (2) that it concerned a

5

material fact, (3) that [they] relied on the false representation, and (4) that actual injury resulted from that reliance.'")(quoting *Boswell v. Liberty National Life Ins. Co.*, 643 So.2d 580, 581 (Ala.1994), and citing Ala. Code § 6-5-101). Based on a review of the statements in the loan documents and a review of the record, the court finds nothing to indicate that plaintiffs can prove that they should not have discovered the alleged falsity of Biggs's statements on or before October 6, 2001, two years before plaintiffs filed their Complaint in the Circuit Court of Tuscaloosa County. Because plaintiffs' claims against Biggs are time-barred, the court finds defendant Biggs has been fraudulently joined.

Plaintiffs also contend that the claims against defendants do not exceed $75,000. In removed cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists, and where, as here, a plaintiff has not plead a specific amount of damages, the defendant is required to show that by a *preponderance* of the evidence that the amount in controversy can more likely than not be satisfied. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

Defendant has cited the court to numerous Alabama fraud cases in which the jury returned verdicts in excess of $75,000. The court finds this evidence sufficient to demonstrate that defendants have met their burden of establishing the requisite amount in controversy for diversity jurisdiction. Therefore, the court finds that the jurisdictional amount has been satisfied.

Because the court finds that plaintiffs have fraudulently joined Biggs and CitiFinancial Alabama and that the jurisdictional amount is satisfied, plaintiffs' Motion to Remand is due to be denied.

## CONCLUSION

For the foregoing reasons, the court finds that plaintiffs' Motion to Remand is due to be denied. An order denying plaintiffs' Motion to Remand and dismissing defendants CitiFinancial Alabama, Inc. and Susie Biggs will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 31st day of August, 2004.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge